

2009R01422/JTE/JNM

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 14- |
| v. | : | |
| RALPH K. MESSO | : | 18 U.S.C. § 1952(a)(3) and 2 |

### I N F O R M A T I O N

The defendant having waived in open court prosecution by indictment, the United States Attorney for the District of New Jersey charges:

    1. At all times relevant to this Information:

        a. The defendant, RALPH K. MESSO, was a medical doctor licensed to practice medicine in the State of New Jersey and State of New York whose internal medicine practices were located in Staten Island, New York and Colts Neck, New Jersey.

        b. Biodiagnostic Laboratory Services, LLC ("BLS") was a clinical blood laboratory headquartered in Parsippany, New Jersey that, among other things, performed tests on the blood specimens of patients referred to BLS by doctors, and then billed payors and others for those tests and related services.

        c. From at least in or about December 2010 through in or about March 2013, Doug Hurley was a BLS employee.

        d.    The Medicare Program ("Medicare") was a federal program that provided free or below-cost health care benefits to certain individuals, primarily the elderly, blind, and disabled. Medicare was a "Federal health care program" as defined in Title 42, United States Code, Section 1320a-7b(f) and a "health care benefit program" as defined in Title 18, United States Code, Section 24(b). Individuals who receive benefits under Medicare are commonly referred to as "beneficiaries."

        e.    The Medicare Part B program was a federally funded supplemental insurance program that provided supplementary Medicare insurance benefits for individuals aged sixty-five or older, and certain individuals who are disabled. The Medicare Part B program paid for various medical services for beneficiaries, including blood tests and related services.

        f.    BLS was an approved Medicare provider, and Medicare paid BLS for performing blood tests and related services on beneficiaries who were referred to BLS by physicians participating in Medicare.

        g.    Private health insurance companies ("Private Payors") including Horizon Blue Cross/Blue Shield ("Blue Cross/Blue Shield"), were corporations in the business of providing health care insurance to individuals and entities under various insurance policies ("insureds"), pursuant to which Blue Cross/Blue Shield and

other Private Payors paid BLS for blood tests and related services performed for insureds who had been referred to BLS by physicians participating in their provider networks.

2. From at least in or about December 2010 through in or about March 2013, in Morris County, in the District of New Jersey, and elsewhere, defendant

RALPH K. MESSO

knowingly and intentionally used and caused to be used the mail and any facility in interstate commerce with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, that is, commercial bribery, contrary to N.J.S.A. § 2C:21-10 and Title 18, United States Code, Section 1952(a)(3) and, thereafter, did perform and attempt to perform acts to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of such unlawful activity, to include, as follows:

a. From in or about December 2010 through in or about March 2013, BLS paid defendant RALPH K. MESSO bribes that, in the aggregate, were at least approximately $82,500. In return, defendant RALPH K. MESSO referred patient blood specimens to BLS that BLS used to submit claims to Medicare and the Private Payors and collect from those payors at least approximately $828,000.

    b. The claims BLS submitted for blood testing and other services to Medicare and the Private Payors included charges for tests on blood specimens referred to BLS by defendant RALPH K. MESSO in return for bribe payments.

    c. On or about January 4, 2013, Medicare paid BLS - by an electronic transfer of funds that originated outside of the State of New Jersey and was received by BLS inside the State of New Jersey - a sum of money for claims and related items submitted by BLS for blood testing on Medicare beneficiaries. A portion of the money paid by Medicare to BLS was for tests performed by BLS on blood specimens referred to BLS by or at the direction of defendant RALPH K. MESSO in return for bribe payments.

    d. In or about February 2013, Doug Hurley caused a check in the amount of $3,000 to be delivered to defendant RALPH K. MESSO to induce defendant RALPH K. MESSO to refer the blood specimens of defendant RALPH K. MESSO's patients to BLS for testing and related services.

    In violation of Title 18, United States Code, Section 1952(a)(3) and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION

1. The allegations contained in this Information are hereby realleged and incorporated by reference for the purpose of noticing forfeiture pursuant to Title 18, United States Code, Section 982(a)(7).

2. Upon conviction of the offense in violation of Title 18, United States Code, Sections 1952(a)(3) and 2, the defendant, RALPH K. MESSO, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), all right, title, and interest in the sum of $82,500, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to the offense of conviction.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(a)(7), to

forfeiture of any other property of defendant RALPH K. MESSO up to the value of the property described in the preceding paragraph.

*/s/ Paul J. Fishman*
PAUL J. FISHMAN
UNITED STATES ATTORNEY

CASE NUMBER: _____

# United States District Court
## District of New Jersey

UNITED STATES OF AMERICA

v.

RALPH K. MESSO

# INFORMATION FOR
## 18 U.S.C. § 1952(a)(3)

PAUL J. FISHMAN
UNITED STATES ATTORNEY, NEWARK, NEW JERSEY

JOSEPH N. MINISH
ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY
973-297-2012