

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, 7th floor            973-645-2700
Newark, New Jersey 07102

October 2, 2014

Joseph R. Benfante
Joseph R. Benfante, P.C.
Attorney at Law
225 Broadway, Suite 2700
New York, NY 10007

    Re: <u>Plea Agreement with Ralph K. Messo</u>

Dear Counsel:

This letter sets forth the plea agreement between your client, Ralph K. Messo, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Ralph K. Messo to an information which charges the acceptance of bribes, contrary to N.J.S.A. § 2C:21-10, in violation of 18 U.S.C. § 1952(a)(3). If Ralph K. Messo enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Ralph K. Messo for the acceptance of bribes for the referral of blood specimens to Biodiagnostic Laboratory Services, LLC from December 2010 through March 2013. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Ralph K. Messo may be commenced against him, notwithstanding the expiration of the limitations period after Ralph K. Messo signs the agreement.

## Sentencing

The violation of 18 U.S.C. § 1952(a)(3) to which Ralph K. Messo agrees to plead guilty carries a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Ralph K. Messo is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Ralph K. Messo ultimately will receive.

Further, in addition to imposing any other penalty on Ralph K. Messo, the sentencing judge: (1) will order Ralph K. Messo to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Ralph K. Messo to pay restitution pursuant to 18 U.S.C. § 3663 et seq., 18 U.S.C. § 3563(b)(2), or 18 U.S.C. § 3583(d); (3) may order Ralph K. Messo, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4) must order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853, and 28 U.S.C. § 2461; and (5) pursuant to 18 U.S.C. § 3583, may require Ralph K. Messo to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Ralph K. Messo be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Ralph K. Messo may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be

imposed on Ralph K. Messo by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Ralph K. Messo's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Ralph K. Messo agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Ralph K. Messo from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Ralph K. Messo waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

### Forfeiture

As part of his acceptance of responsibility, Ralph K. Messo admits the forfeiture allegations of the Information and agrees to forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 21 U.S.C. § 853 and 28 U.S.C. §

2461(c), all property, real and personal, that constitutes or is derived from proceeds traceable to the violation of 18 U.S.C. § 1952(a)(3) as charged in the Information, including but not limited to a sum of money equal to $82,500.00, and all property traceable to such property, for a total money judgment of $82,500.00 (the "Money Judgment"). On or before the date he enters his plea of guilty pursuant to this agreement, Ralph K. Messo shall pay the Money Judgment in full by certified or bank check payable to the United States Marshals Service, with the criminal docket number noted on the face of the check, and delivered to the United States Attorney's Office.

If the Forfeiture Money Judgment is not paid on or before the date Ralph K. Messo enters his plea of guilty pursuant to this agreement, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date. Furthermore, if Ralph K. Messo fails to pay any portion of the Money Judgment on or before the date of his guilty plea, Ralph K. Messo consents to the forfeiture of any other property of his, including substitute assets, in full or partial satisfaction of the Money Judgment, until paid in full.

Ralph K. Messo agrees to consent to the entry of a Consent Judgment and Order of Forfeiture for the Money Judgment, and any further orders that may be necessary to enforce the Money Judgment, and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Ralph K. Messo understands that the imposition of the Money Judgment is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

It is further understood that any forfeiture of Ralph K. Messo's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Ralph K. Messo hereby waives any and all claims that the forfeiture constitutes an excessive fine and agrees that the forfeiture does not violate the Eighth Amendment.

Ralph K. Messo represents that he has disclosed all of his assets to the United States on the Financial Disclosure Statement dated _____. Ralph K. Messo agrees that if this Office determines that Ralph K. Messo has intentionally failed to disclose assets on that Financial Disclosure Statement, that failure constitutes a material breach of this agreement. In addition, Ralph K. Messo consents to the administrative, civil, and/or criminal forfeiture of his interests in any assets that he failed to disclose on the Financial Disclosure

- 4 -

Statement. Should undisclosed assets that the defendant owns or in which the defendant has an interest be discovered, Ralph K. Messo knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. Ralph K. Messo further agrees to execute any documents necessary to effectuate the forfeiture of said assets.

## Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Ralph K. Messo. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Ralph K. Messo.

No Other Promises

This agreement constitutes the plea agreement between Ralph K. Messo and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

Paul J. Fishman
United States Attorney

By: *(signature)*
Joseph N. Minish
Assistant U.S. Attorney

APPROVED:

*(signature)*
Jacob T. Elberg, Unit Chief
Criminal Division

    I have received this letter from my attorney, Joseph R. Benfante, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____           Date: 10/9/14
Ralph K. Messo

    I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____           Date: 10/9/14
Joseph R. Benfante, Esq.

## Plea Agreement with Ralph K. Messo

## Schedule A

1. This Office and Ralph K. Messo recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Ralph K. Messo nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Ralph K. Messo within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Ralph K. Messo further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2013 applies in this case.

3. The applicable guideline is U.S.S.G. § 2B4.1. The Base Offense Level is 8. U.S.S.G. § 2B4.1(a).

4. The value of the improper benefit to be conferred was more than $400,000 but was not more than $1,000,000. This results in an increase of 14 levels. U.S.S.G. §§ 2B4.1(b)(1)(B), 2B1.1(b)(1)(H).

5. Ralph K. Messo abused a position of public or private trust in a manner that significantly facilitated the commission of the relevant criminal activity, pursuant to U.S.S.G. § 3B1.3. This results in an increase of 2 levels.

6. As of the date of this letter, Ralph K. Messo has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Ralph K. Messo's acceptance of responsibility continues through the date of sentencing. U.S.S.G. § 3E1.1(a).

7. As of the date of this letter, Ralph K. Messo has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1 point reduction in Ralph K. Messo's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Ralph K. Messo enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Ralph K. Messo's acceptance

of responsibility has continued through the date of sentencing and Ralph K. Messo therefore qualifies for a 2 point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Ralph K. Messo's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

8. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Ralph K. Messo is 21 (the "agreed total Guidelines offense level").

9. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

10.     Ralph K. Messo knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 21. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 21. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

11.     Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.